REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your letter of April 11, 1983, in which you request our opinion as to the constitutionality of a proposed amendment to LB 371 which provides that a divorce decree will contain a notice provision that a warrant be issued for the arrest of a respondent or petitioner who fails to pay child support or fails to appear on a date set by the court.
An arrest can be made with or without a warrant, but in either case it has to be based on probable cause. State v.Graves, 193 Neb. 797, 229 N.W.2d 538. Probable cause in the context of arrest warrants depends on the presence of two criteria:
1) the warrant and supporting documents must justify a finding of probable cause to believe that the offense has been committed; and 2) that the warrant and documents supporting it must demonstrate a sufficient basis for a finding of probable cause that the party named in the warrant committed the offense charged. U.S. ex rel. Grano v.Anderson, 446 F.2d 272 (3rd Cir. 1971).
Our first concern in reviewing the language of the `Notice' is that it does not specify how it will be determined that the respondent or petitioner has, in fact, not paid. It should be noted that the language states only, `In the event (respondent or petitioner) fails to pay any child support payment. . .' There is no procedure as to who will determine that payment has not been paid nor is there procedure set out as to how that information will be brought before the court on affirmation. Does the clerk of the district court make such an affirmation to the court? Or does an employee of the clerk of the district court? Or does the court merely take notice of the records of the clerk of the district court? These are questions which cannot be answered or determined by a reading of the notice provision of the bill.
We are aware that Neb.Rev.Stat. § 42-358 (Reissue 1978) which is not amended by this Legislative Bill provides that the clerks of the district courts shall maintain delinquency records in which child support arrearages are certified to the court each month with provisions for contempt proceedings by an appointed attorney. It is not clear whether this notice provision in the divorce decree is meant to be a remedy in addition to that set out in § 42-358 or whether it is to be in conjunction with that statute.
The proposed amendment to LB 371 with its notice provision appears to lack even the general procedure set out in § 42-358 and is absent any specific criteria for determining that there is probable cause that there has been a failure to pay considered by a neutral and detached magistrate as required in Aguilar v. Texas, 378 U.S. 108 (1964).
We do not see a problem with the provisions providing for issuance of a warrant for failing to appear on a date set by the court. Where an accused on whom a summons has been served fails to appear as directed by the summons, a court may issue a warranty for his arrest.
However, since the notice provision lacks a method to affirm that there has been a failure to pay, we are concerned as to whether the proposed amendment provides a procedural standard that comports with the Fourth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 7 of the Constitution of the State of Nebraska.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General